**STATE, ex WILLIAMS, Relator, v. GLANDER, TAX COMMR., Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 3900.   Decided June 6th, 1946.

Meyer A. Cook, Cleveland, attorney for relator.
Hon. Hugh S. Jenkins, Attorney General, Aubrey A. Wendt, Asst.. Atty, Gen'l., Columbus, for respondent.

## OPINION

By THE COURT:

The relator has filed a petition for a writ of mandamus to command C. Emory Glander, Tax Commissioner of the State of Ohio and respondent herein, to assess and levy taxes on the real and personal property of every public utility excepting waterworks owned and/or operated by municipalities or other governmental divisions of the state.

To this petition the respondent now moves that the relator be required to make his petition definite and certain by setting forth the "public utilities in the state of Ohio * * * operated by cities, villages and other subdivisions of the state", together with the names of the owners and operators thereof.

The Court will take judicial notice of the fact that there are a great many public utilities operating in the state of Ohio and that assessments have been made against some of them as it was so ordered in **Zangerle v Cleveland, 145 Oh St 347.** In this case, however, it was recognized that not all public owned public utilities are subject to taxation.

On page 356 of this case, Bell, J., says:

"* * * The ownership or operation of any public utility operated to preserve the peace or for the protection of the person or property of the citizens is the exercise of a govern-

632

mental function and such property could be exempted from taxation, while the ownership or operation by a municipality of a utility which relates only to the development of the municipality itself constitutes the exercise of a private or proprietary function and such property could not be exempt from taxation."

If a peremptory writ were to be issued by this Court it would place upon the respondent the duty of determining what utilities, if any, exist in the state of Ohio that are subject to taxation, but which may in some manner be escaping assessment, and if the respondent erred in his judgment he might find himself charged with contempt of court and possibly subject to other penalties.

We are of the opinion that it would be impossible for the respondent to intelligently answer the petition until he knows specifically with what derelictions he is charged. It would also seem that this Court could not make a specific order if it should appear that a peremptory writ should be allowed. The character of the petition and its prayer indicate that the relator seeks to have a writ allowed which would order the respondent in general terms to follow the law. The rule to be followed as a guide for the allowance of a writ of mandamus was again recently stated in the case of **State, ex rel. Stanley v Cook, 146 Oh St 348,** where in the 7th branch of the syllabus it was held:

"A writ of mandamus will not issue to compel the observance of laws generally, but will be confined to commanding the performance of specific acts specially enjoined by law to be performed."

**Sec. 12283 GC,** in defining mandamus says that it is a writ "commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station". The relator does not seek the performance of "an act" or even a series of acts, but seeks to control a course of conduct by having the respondent ordered to follow the law generally.

The motion is sustained and the relator is ordered to set forth the particular public utilities which he believes are escaping lawful taxation and to which this writ of mandamus is directed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

No. 3901. Decided June 28th, 1946.

## OPINION

By MILLER, J.

This is an original action in mandamus brought by the State of Ohio on the relation of William A. Williams, a citizen, resident and taxpayer of the State of Ohio.

The respondent is C. Emory Glander, a duly appointed, qualified and acting tax commissioner of the State of Ohio.

The relator prays that a writ of mandamus be issued commanding the respondent to levy and assess personal property taxes on the inventory of merchandise and other personal property owned and held by the Department of Liquor Control of the State of Ohio, which personal property is within the State of Ohio, and for such other and further relief as the relator may be entitled to.

The respondent demurs to the petition for the reason that it fails to show a cause of action. The respondent in his brief in support of his demurrer asserts that by reason of the fact that mandamus is an extraordinary writ it will not lie

unless the relator can establish a clear and legal right thereto.

In **State, ex rel. Stanley v Cook, 146 Oh St 348** it was held in syllabus 7:

"A writ of mandamus will not lie to compel the observance of laws generally, but will be confined to commanding the performance of specific acts specially enjoined by law to be performed."

Relator herein is not seeking the observance of laws generally but is seeking the performance of specific acts specially enjoined to be performed. Respondent is also contending that there is no showing that the relator has an essential beneficial interest in the relief sought. Sec. 12287 GC, provides that the writ may issue on the information of the party beneficially interested. As regards the degree of interest on the part of the relator requisite to make him a proper party on whose information the proceedings may be instituted, a distinction is taken between cases where the extraordinary aid of mandamus is invoked merely for the purpose of enforcing or protecting a private right and those where the purpose of the application is the enforcement of a purely public right where the people at large are the real party in interest. **State v Henderson, 38 Oh St 644.** The rule is well established in Ohio that the interest of a citizen is sufficient to sustain an action in mandamus. **State v Brown, 38 Oh St 344; 25 O. Jur., p 1163, Par. 222; Brissel v State, 87 Oh St 154; State, ex rel v Gilman, 44 Oh Ap 339.**

The next question for our consideration is whether or not the other averments in the petition state a cause of action. The relator seeks to have the respondent compelled to make personal property tax assessment against the Department of Liquor Control of the State of Ohio. He is seeking to have the State tax itself.

Taxpayers are defined in §5366 GC. They include, so far as might possibly be favorable to the relator, "every person * * doing business in this state". The term "person" is defined in §5320, GC, as follows:

"The word 'person' as used in this title, includes firms, companies, associations and corporations. Words in the singular number include the plural number and words in the plural number include the singular number; and words in the masculine gender include the feminine and neuter genders."

The State of Ohio is not a firm, a company, an association or a corporation. It is a sovereignty. The doctrine seems

to be that a sovereign state, which can make and unmake laws, in prescribing general laws, generally intends thereby to regulate, not its own conduct, but that of its subjects. **State ex rel. Parrott v Board of Public Works, 36 Oh St 409; State, ex rel. Atty. Gen'l. v Cincinnati, 37 Oh St 157.**

In **37 O. Jur., p 804, Par. 479,** we find the following:

"Accordingly, the state is not bound by the terms of a general statute unless it is so expressly enacted, particularly where it is attempted to enforce a direct liability against the state, or where any of the prerogatives, rights, titles, or interests of the state are sought to be devested. This exemption, however, has been declared not to include municipal corporations or other parties of a public character other than the state. Moreover, the state may, by express provision, be brought within the terms of a statute."

The statute provides nowhere that the state of Ohio is expressly included as being subject to assessment. It is well settled that statutes imposing taxes are to be strictly construed in favor of the party upon whom the tax is sought to be imposed and are not to be extended by implication beyond their clear import. **Cassidy v Ellerhorst, 110 Oh St 535; Caldwell v State, 115 Oh St 458; Tax Commission v The Farmers Loan and Trust Company, 119 Oh St 410; State, ex rel Foster v Evatt, 144 Oh St 65.**

For the foregoing reasons we are of the opinion that the petition of the relator fails to state a cause of action.

The demurrer is sustained, and unless the relator desires to plead further, the petition will be dismissed and the issuance of a peremptory writ denied.

HORNBECK, PJ, and WISEMAN J, concur.

No. 3901. Decided September 17th, 1946

**OPINION**

By THE COURT:

Submitted on demurrer by the respondent to the amended petition of the relator for the reason that the said amended petition fails to show a cause of action. An examination of the amended petition discloses that the relator is still seeking to have the respondent make a personal property tax assessment against the Department of Liquor Control of the State of Ohio. In our decision rendered June 28, 1946, we held that the State of Ohio was not a taxpayer within the purview of

§5320 GC, and could not be made to tax itself.

The demurrer is, therefore, sustained for the reasons stated in our prior ruling, and the amended petition is ordered dismissed at the plaintiff's costs.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.